UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,
              Plaintiff,

-against-

TREVON BROWN,
CRAIG GRANT,
JOSHUA JEPPESEN,
RYAN MAASEN, and
MICHAEL NOBLE,
              Defendants,

-and-

LAURA MASCOLA,
              Relief Defendant.

21 Civ. 4791 (JGK)

## FINAL JUDGMENT AS TO DEFENDANT JOSHUA JEPPESEN

The Securities and Exchange Commission having filed a Complaint and Defendant Joshua Jeppesen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

1

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from (i) participating, directly or indirectly, in any offering of a digital asset security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling

2

digital asset securities for his own personal account; and (ii) offering, operating, or participating in any marketing or sales program in which the participant is compensated or promised compensation solely or primarily (a) for inducing another person to become a participant in the program, or (b) if such induced person induces another to become a participant in the program.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,668,502, representing a portion of net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $370,983, and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying $3,039,485 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

3

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joshua Jeppesen as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

4

jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for additional disgorgement of 190 Bitcoin, representing the remaining net profits gained as a result of the conduct alleged in the Complaint. Defendant shall satisfy this obligation by complying with the provisions set forth in this section V.

Upon the entry of this Final Judgment, Defendant surrenders any and all right, title, and

5

interest in the 190 Bitcoin that he stored in the wallet address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Wallet") and Defendant, his officers, agents, servants, employees, attorneys, or any other persons in active concert or participation with Defendant shall not access the 190 Bitcoins in any manner. Defendant shall provide to his counsel ("Friedman & Nemecek, L.L.C.") within three (3) days of the entry of this Final Judgment, for holding securely in escrow pending further order of the Court the physical USB device (the "Device") used to access the Wallet and all information necessary to access the Wallet and/or convert the 190 Bitcoin into United States currency including, but not limited to, (a) the words that make up the recovery seed required to open the Wallet; (b) any other PIN number, password, or passphrase required to open the Device and/or Wallet; and (c) any other information necessary to access the 190 Bitcoin stored in the Wallet. Defendant shall not retain any copy of the above-referenced information necessary to access the 190 Bitcoin stored in the Wallet. Upon Defendant's delivery of the Device and all of the above-referenced information necessary to access the 190 Bitcoin stored in the Wallet, the disgorgement of the 190 Bitcoin awarded herein shall be deemed satisfied.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements as set forth therein, including, but not limited to: (i) consenting to the Commission's filing with the Court a Motion for the Appointment of a Liquidation Agent charged with accepting the Device; (ii) consenting to the appointment of a Liquidation Agent pursuant to any Order Appointing Liquidation Agent issued by the Court; (iii) consenting to the Liquidation Agent taking all reasonable steps as provided in any Order

Appointing Liquidation Agent to access the Device, the Wallet and/or convert the 190 Bitcoin contained in the Wallet into United States currency; (iv) consenting and agreeing that the entry of this Final Judgment constitutes the surrender of any and all right, title or interest to the 190 Bitcoin that Defendant may have; (v) consenting and agreeing that, within three (3) days of the entry of the Final Judgement, he will provide to Friedman & Nemecek, L.L.C. the Device and all information necessary to access the Wallet and convert the 190 Bitcoin into United States currency, including, but not limited to, (a) the words that make up the recovery seed required to open the Wallet; (b) any other PIN number, password, or passphrase required to open the Device and/or Wallet; and (c) any other information necessary to access the 190 Bitcoin stored in the Wallet; and (vi) consenting and agreeing that he shall not retain any copy of the above-referenced information necessary to access the 190 Bitcoin stored in the Wallet; (vii) consenting, agreeing, and directing that Friedman & Nemecek, L.L.C. shall turn over to the Liquidation Agent, the Device and all information necessary to access the Device and the Wallet, including, but not limited to, (a) the words that make up the recovery seed required to open the Wallet; (b) any other PIN number, password, or passphrase required to open the Device and/or Wallet; and (c) any other information necessary to access and convert into United States currency the 190 Bitcoin stored in the Wallet, within three (3) days of the entry of Order Appointing Liquidation Agent; and (viii) consenting and agreeing to provide to the Liquidation Agent, at the Liquidation Agent's request, any additional information in Defendant's knowledge or possession related to accessing the 190 Bitcoin stored in the Wallet.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 12, 2021

UNITED STATES DISTRICT JUDGE

**HAWAII JURAT**

State of Hawaii

County of __Maui__ } ss.

This __17__ page __Consent of Defendant Joshua Jeppesen__
   No. of Pages       Description of Document

dated __July 9, 2021__ was subscribed and sworn to before me
   Document Date

Cayla D. Pollard this __9th__ day of __July__, 20__21__, in the  2nd  Circuit, State of Hawaii.
              Day        Month        Year

[Notary Seal: CAYLA D. POLLARD, NOTARY PUBLIC, No. 18-398, STATE OF HAWAII]

by __Joshua Jeppesen__ (.)(.)
   Name of Signer No. 1

(and

_____)
Name of Signer No. 2, if any

__Cayla D. Pollard__
Signature of Notary

__July 9, 2021__
          Date

Cayla D. Pollard
Printed Name of Notary

Place Notary Seal or Stamp Above

My commission expires: __07/15/2022__