UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>TREVON BROWN,<br>CRAIG GRANT,<br>JOSHUA JEPPESEN,<br>RYAN MAASEN, and<br>MICHAEL NOBLE,<br>　　　　　　　　　　Defendants,<br><br>　　　　-and-<br><br>LAURA MASCOLA,<br>　　　　　　　　　　Relief Defendant. | 21 Civ. 4791 (JGK) |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO MODIFY THE STAY ORDER**

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Securities and Exchange Commission (the "Commission"), pursuant to the Court's order dated July 16, 2024 (Dkt. No. 73, the "Order"), respectfully submits this memorandum of law in support of its motion for an order (1) modifying the stay of proceedings entered on December 15, 2021, extended by order dated November 9, 2022 (Dkt. Nos. 56 and 70, collectively the "Stay Order"), to limit the stay to discovery proceedings, and, if such modification is granted, (2) setting a deadline of 30 days for the Commission to provide a further status letter to the Court. The Department of Justice ("DOJ"), which sought the Stay Order, consents to the requested relief. Defendant Michael Noble ("Noble") has advised the Commission he also has no objection to the requested modification of the Stay. As of the filing

1

of this motion, Noble has not confirmed to the Commission whether he objects to the filing of the status letter, or its timing.[1]

## BACKGROUND

The Commission filed its Complaint on May 28, 2021 (Dkt. No. 1), arising out of an illegal $2 billion offering of unregistered securities conducted by BitConnect from January 2017 to January 2018. (Cmplt. ¶¶ 1-9.) The Complaint alleges that (1) Defendants Brown, Grant, Ryan Maasen ("Maasen") and Noble violated Section 5(a) and (c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e(a) and (c)] and Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)]; (2) Defendant Joshua Jeppesen ("Jeppesen") aided and abetted violations of Sections 5(a) and (c) of the Securities Act; and (3) Relief Defendant Laura Mascola ("Mascola") received ill-gotten gains from Jeppesen, without a legitimate claim to them.

The Commission resolved its claims against Defendants Jeppesen, Mascola and Maasen, pursuant to final consent judgments entered against them in August and October 2021. (Dkt. Nos. 33, 34 and 49.) The Court entered a partial consent judgment as to Defendant Noble on August 12, 2021 (Dkt. No. 32), which resolved the Commission's non-monetary claims for relief as to Noble, while leaving the amounts of disgorgement, prejudgment interest and a civil penalty to be determined upon motion by the Commission.

The Commission served Defendant Brown with the Summons and Complaint on June 12, 2021 (Dkt. No. 22), and Brown did not respond to the Complaint within the time required under Federal Rule of Civil Procedure 12.

---

[1]   Only two other parties remain in this case, Defendants Trevon Brown ("Brown") and Craig Grant ("Grant"). The former is in default, and the latter has not yet appeared or responded to the Complaint.

On September 1, 2021, the Commission filed a related case against four defendants, including Satish Kumbhani ("Kumbhani") and Glenn Arcaro ("Arcaro"), captioned *SEC v. BitConnect, et al.*, 21 Civ. 7349 (JGK) (the "BitConnect Case").

On December 15, 2021, upon motion of the DOJ, the Court entered the Stay Order and also stayed proceedings in the BitConnect Case, pending the resolution of a parallel criminal case against Arcaro captioned *United States v. Arcaro,* 21 Cr. 2542 (S. D. Cal.) (the "Arcaro Case") and a related ongoing criminal investigation. (Dkt. Nos. 56, and BitConnect Case, Dkt. No. 27.) On November 9, 2022, the Court extended the Stay Order to Noble. (Dkt. No. 70.)

In February 2022, a related criminal indictment against Kumbhani was unsealed in *United States v. Kumbhani*, 22 Cr. 395 (S.D. Cal.) (the "Kumbhani Case"). While Arcaro has since been sentenced, Kumbhani remains a fugitive.

Pursuant to the Court's March 31, 2022 order in this case (Dkt. No. 65), the Commission served Defendant Grant by alternative service through a series of publications dated March 29 through May 5, 2022. (Dkt. No. 68.) Because of the Stay Order, Grant's time to respond to the Complaint has not yet begun to run.

As described in the Commission's letter dated July 15, 2024 (Dkt. No. 72), the DOJ has advised the Commission that, while it believes a stay of this proceeding should remain in effect pending the conclusion of the criminal Kumbhani Case, it has no objection to a modification of the Stay Order that would limit its application to discovery proceedings, and it consents to the relief requested herein. Noble has also advised the Commission that he does not object to the requested modification of the Stay Order. As of the filing of this motion, Noble has not confirmed whether he has an objection to the filing of the status letter, or its timing. A copy of this motion will be served on Noble, and a certificate of service will be filed with the Court.

**ARGUMENT**

**THE COURT SHOULD MODIFY THE STAY ORDER
TO LIMIT IT TO DISCOVERY PROCEEDINGS.**

The requested modification of the Stay Order is in the interest of justice, as it may allow the Commission to resolve some or all of its remaining claims in this case before the Kumbhani Case, in which Kumbhani remains a fugitive, concludes. Both the DOJ and Noble consent to this modification. Should the Court grant the Commission's request to modify the stay, the Commission intends to (1) seek a default judgment as to Defendant Brown; (2) litigate the claims against Defendant Grant, to the extent he timely responds to the Complaint, up to but not including discovery (for example, by trying to negotiate a resolution of the Commission's claims or opposing any motion Defendant Grant may file under Federal Rule of Civil Procedure 12) or seek a default judgment as to Grant if he fails to respond to the Complaint; and (3) move for monetary remedies against Noble, which the SEC understands Noble intends to oppose.

Given that Grant's time to respond to the Complaint has not yet run, the Commission further requests that, should the Court grant the Commission's request to modify the Stay Order, the Court set a deadline of 30 days from the date of such modification for the Commission to submit a further status report. The Commission may then be able to propose a briefing schedule for its motions for default judgments as to Brown and Grant (if Grant fails to timely respond to the Complaint) and for monetary remedies as to Noble.

**CONCLUSION**

For the reasons stated, the Court should enter an order (1) modifying the Stay Order so as to limit the stay only to discovery proceedings, and, if such modification is granted, (2) setting a deadline of 30 days from such modification for the Commission to submit a status letter.

Dated: July 18, 2024
      New York, NY

                                    Respectfully submitted,

                                    SECURITIES AND EXCHANGE COMMISSION
                                    By: /s/ Richard G. Primoff
                                        Richard G. Primoff
                                        Gwen Licardo
                                    Attorneys for Plaintiff
                                    New York Regional Office
                                    100 Pearl Street
                                    New York NY 10004
                                    (212) 336-0148 (Primoff)
                                    Email: primoffr@sec.gov