```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br> Plaintiff, | 21-cv-4791 (JGK) |
| - against - | ORDER |
| TREVON BROWN, ET AL., <br> Defendants. | |

**JOHN G. KOELTL, District Judge:**

The Court issued an Order to Show Cause why a default Judgment should not be entered against Defendants Trevon Brown and Craig Grant. ECF No. 87. Defendant Craig Grant ("Grant") has failed to respond to the Order to Show Cause and therefore the Securities and Exchange Commission ("SEC") is entitled to a default judgment against Grant.

Accordingly, the SEC shall serve Grant by mail at the last known address and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default no later than **December 2, 2024.** The SEC shall include with service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damages amount (or other monetary relief) is being sought, including the exact dollar amount being sought.

The SEC's Proposed Findings of Fact should specifically tie the proposed damages figure(s) to the legal claim(s) on which

liability has been established; should demonstrate how the SEC arrived at the proposed damages figure(s); and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. Each proposed finding of fact shall be followed by a citation to the paragraphs of the affidavit(s) and/or page of documentary evidence that supports each such Proposed Finding. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Finding should cite to the appropriate paragraph of the complaint.

In lieu of conclusions of law, the SEC may submit a memorandum of law setting forth the legal principles applicable to the SEC's claim or claims for damages.

The defendant shall send to the SEC and file with the Court his response, if any, to the plaintiff's submissions no later than **December 30, 2024.**

The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based on the written submissions alone, including a

description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

The Court notes that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York (212-805-0175) may be of assistance to the defendant in connection with court procedures.

SO ORDERED.
Dated:   New York, New York
         November 6, 2024

_____
John G. Koeltl
United States District Judge