UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

  -v-

TREVON BROWN, et al.,

                      Defendants.

CIVIL ACTION NO. 21 Civ. 4791 (JGK) (SLC)

**ORDER FOR LIMITED APPEARANCE
OF PRO BONO COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

      At a telephone conference held today, December 9, 2024 (the "Dec. 9 Conference"), pro se Defendant Trevon Brown ("Mr. Brown") requested the appointment of pro bono counsel for the purpose of settlement, in connection with an anticipated settlement conference before the undersigned in early 2025 (the "Request"). The Request is GRANTED, and the Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for Mr. Brown for the purpose of settlement. Counsel shall file a Notice of Limited Appearance as Pro Bono Counsel.

      The Securities and Exchange Commission ("SEC") filed this action in May 2021, alleging that Mr. Brown violated (1) Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a), and (2) Section 15(a) of the Securities Act of 1934, 15 U.S.C. § 78o(a), by promoting a lending program (the "Lending Program") run by BitConnect—a platform through which users could "buy, sell and trade [BitConnect Coin] for Bitcoin and vice versa"—without having registered as a broker-dealer. (ECF No. 1 ¶¶ 10, 40, 228, 234–236). Specifically, Mr. Brown allegedly created a series of YouTube videos promoting the Lending Program and earned payouts from BitConnect when users invested

in it using Mr. Brown's referral links.  (Id. ¶¶ 117–145).  In the Complaint, the SEC claims Mr. Brown made "at least $484,108 from BitConnect" in this manner.  (Id. ¶ 142).[1]

Despite having been served, Mr. Brown initially did not appear in this action, and the SEC thus sought and obtained a certificate of default.  (See ECF Nos. 82, 85).  On October 18, 2024, however, Mr. Brown submitted a letter objecting to the entry of judgment against him (ECF No. 107), and the Honorable John G. Koeltl vacated the certificate of default (ECF No. 115).  Then, on November 13, 2024, Judge Koeltl held a telephonic conference with the SEC and Mr. Brown.  (See ECF min. entry Nov. 13, 2024; ECF No. 123).  There, the SEC acknowledged that hackers had stolen at least some of the Bitcoin that BitConnect had paid to Mr. Brown but that "some or all of those Bitcoin may have been recovered" in connection with a federal criminal proceeding.  (ECF No. 123 at 7–8).  In response, Mr. Brown suggested that the government simply retain the Bitcoin to resolve the claims against him.  (Id.)  Judge Koeltl then referred this matter to the undersigned for settlement.  (ECF No. 118).

During the Dec. 9 Conference, the parties discussed the issue of Mr. Brown's stolen Bitcoin in further depth.  The SEC represented that it had provided Mr. Brown with contact information for an official at the Department of Justice who might help him file a petition for return of the stolen Bitcoin.  Mr. Brown stated that he had attempted to contact the individual but, to date, had not yet succeeded in reaching them.  The undersigned thus scheduled a follow up conference for Tuesday, January 7, 2025 at 12:00 p.m., by which point Mr. Brown may know more about the forfeiture proceedings in which he may attempt to recover the Bitcoin.  The

---

[1] In support of a Motion for Default Judgment, the SEC later attested that, in total, Mr. Brown's "gross . . . pecuniary gain[] [was] $2,338,673[.]"  (ECF No. 88 ¶ 149).

parties and the Court agree that the assistance of limited scope counsel may increase the possibility of reaching an agreement at any future settlement conference.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of a pro se litigant's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Mr. Brown's representation beyond a settlement conference—and any related scheduling conferences—with the Court.  Pro bono counsel will not be required to respond to a dispositive motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Mr. Brown will end following completion of the settlement conference(s).

On the filing by pro bono counsel of a Notice of Completion, pro bono counsel's representation of Mr. Brown in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Mr. Brown or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Mr. Brown for the limited purpose of settlement.  The Court advises Mr. Brown that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before a volunteer is located.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and if the Clerk of Court is unable to locate counsel, Mr. Brown must appear without counsel at the settlement conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Brown at 1599 Parish Way, Myrtle Beach, SC 29577.

Dated:     New York, New York
            December 9, 2024

SO ORDERED.

*Sarah Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**